D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DAMION COX,

                          Petitioner,                              **MEMORANDUM & ORDER**

            -against-                                              **17-CV-2319 (NGG)**

UNITED STATES OF AMERICA,

                          Respondent.
-----------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

    Petitioner Damion Cox brings this petition (the "Petition") for a writ of habeas corpus

pursuant to 28 U.S.C. § 2255. (Pet. (Dkt. 1)[1].)  Petitioner, who, at the time of his sentencing,

was a Permanent Resident Alien of the United States, argues that his trial counsel was ineffective

for failing to inform him that he would likely be deported if convicted. (Id. at ECF pp.4, 14-17.)

For the following reasons, the Petition is DENIED as untimely.

## I.    BACKGROUND

    On August 19, 2015, Petitioner entered a guilty plea before this court to a single-count

information, which charged him with use of a passport procured by false statements in violation

of 18 U.S.C. § 1542. (See Aug. 19, 2015, Min. Entry (Crim. Dkt. 14)[2]; see also Information

(Crim. Dkt. 12).)  The court sentenced Petitioner to twelve months' imprisonment, followed by a

one-year term of supervised release. (J. (Crim. Dkt. 20).)  No appeal was filed.[3]  Petitioner is

now in the custody of U.S. Immigration and Customs Enforcement ("ICE"). (See Pet.)

---

[1] All citations to "Dkt." refer to Case No. 17-CV-2319.

[2] All citations to "Crim. Dkt." refer to Case No. 15-CR-0383.

[3] Pursuant to his plea agreement, Petitioner agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2555 or any other provision, [his] conviction or sentence in the event that the Court impose[d] a term of imprisonment of 12 months or below." (Plea Agreement (Dkt. 1) at ECF p.20.)

1

On March 24, 2017, Petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet.) Petitioner alleges that his trial counsel was constitutionally deficient because counsel informed him that "there would be no negative immigration consequences" if Petitioner entered a guilty plea. (See Pet'r Aff. in Supp. of Pet. ("Aff.") (Dkt. 1 at ECF p.14) ¶ 4.) Specifically, Petitioner claims that counsel told him that if he entered a guilty plea, "[r]emoval from the USA would not occur." (Id. ¶ 8.) Petitioner further avers that had he been properly advised that his guilty plea "would have profound negative consequences on [his] status as a Lawful Permanent Resident," he would not have entered a guilty plea. (Id. ¶ 5.)

The Government responds that Petitioner's § 2255 petition should be denied because (1) the Petition is time barred; (2) Petitioner waived his right to appeal; and (3) Petitioner's claims fail on the merits because trial counsel "advised [Petitioner] of the immigration consequences of a plea, as did th[e] Court." (Gov't Opp'n to Pet. ("Gov't Opp'n") (Dkt. 3) at 3-4.)

## II. DISCUSSION

The threshold question for this court is whether the Petition is timely. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As Petitioner's judgment of conviction was entered on January 6, 2016 (J.), his conviction became final for purposes of § 2255 on January 20, 2016. See Fed. R. App. P. 4(b)(1)(A) (providing that a criminal defendant's notice of appeal must be filed in the district court within 14 days after the entry of judgment); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Petitioner filed the instant Petition on March 24, 2017. (Pet.) Accordingly, Petitioner did not file the Petition within a year of the judgement becoming final, so the Petition is untimely under § 2225(f) unless Petitioner can demonstrate that he satisfied one of the conditions listed in § 2225(f)(2)-(4).[4]

Petitioner avers that his Petition is timely under § 2225(f)(4), as he did not discover counsel's "erroneous advice" until he was placed in ICE custody and his immigration attorney explained to him that trial counsel's advice "was not correct."[5] (Pet. ¶ 18.) Under § 2255(f)(4), the one-year time period begins to run "when a duly diligent person in petitioner's circumstances would have discovered" the facts supporting a particular claim. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). For Petitioner, that fact is his likely deportation.

---

[4] Although not raised by the Petitioner, the court finds any potential equitable tolling argument unavailing. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (holding that a petitioner must show that "extraordinary circumstances prevented him from filing his petition on time" and must also establish that he "acted with reasonable diligence throughout the period he seeks to toll").

[5] The Petition does not detail on which date Petitioner was placed in ICE custody, nor does it explain when Petitioner consulted with an immigration attorney.

Petitioner's claim of ignorance is belied by the record. Petitioner should have known, for purposes of § 2255, that he likely faced deportation as a result of his conviction well before that conviction was final.

First, Petitioner's trial counsel maintains that after consulting with an immigration attorney, he advised Petitioner that Petitioner would be likely to be deported if he entered a guilty plea.[6] (Aff. of Harlan Protass ("Protass Aff.") (Dkt. 3-3) ¶¶ 8, 9.)

Second, the court advised Petitioner of the immigration consequences of his conviction before Petitioner entered his guilty plea. On August 19, 2015, Petitioner waived his right to indictment by grand jury and entered a guilty plea to a single-count information. (Guilty Plea Hr'g Tr. ("Plea Tr.") (Dkt. 3-2) 7:20-8:25, 17:4-24:16.) Prior to entering his guilty plea, the court advised Petitioner that he would be subject to certain penalties associated with pleading guilty to the charge of passport fraud. (Plea Tr. 18:15-19:18.) The court specifically advised Petitioner that he would be "subject to removal or deportation of the United States in a separate proceeding brought by the Department of Homeland Security at the end of [his] prison sentence." (Id. 19:4-8.) After Petitioner confirmed that he understood the penalties associated with pleading guilty, the court reiterated its prior warning about immigration consequences: "And, in particular, do you understand that by pleading guilty, you are subject to a proceeding for deportation and removal from the United States at the conclusion of your sentence?" (Id. 19:9-14.) Petitioner once again stated that he understood. (Id. 19:15.)

Third, Petitioner's own sentencing submission demonstrates that prior to his sentencing, Petitioner was aware of the immigration consequences of entering a guilty plea to the information. On December 30, 2015, Petitioner submitted a sentencing memorandum, seeking a

---

[6] Cf. Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001) (trial court did not err in crediting counsel's affidavit over petitioner's "self-serving and improbable assertions").

non-custodial sentence. (Pet'r Sentencing Mem. (Crim. Dkt. 17).) On three separate occasions in the memorandum, Petitioner acknowledges that an incarceratory sentence will likely result in his removal from the United States. He states that (1) a prison sentence "likely also would result in his deportation from the United States;" (2) he is "acutely aware of the impact it may have on his family and loved ones if this Court imposes a term of imprisonment (and/or if he is deported)"; and (3) "potential deportation" would impact his children and their mothers. (Pet'r Sentencing Mem. at 5, 6, 15.)

Finally, during Petitioner's sentencing hearing on January 6, 2016, Petitioner, Petitioner's counsel, and the court all made explicit mentions of the high probability of deportation following the entering of a guilty plea. (Sentencing Hr'g (Dkt. Num. Pend.) at 20, 21, 27, 29, 30.) Specifically, Petitioner's counsel stated that "if he is in prison, it is almost certain that he will be deported at the time that his terms of imprisonment ends." (Id. 20:13-20:17.) Petitioner, in his own statement before the court, stated that he was fearful of the emotional and financial impact on his children "if I [were] deported back to Jamaica." (Id. 27:14-27:15.) And, at the conclusion of the hearing, the court informed Petitioner that "at the end of your sentence, you will be subject to a separate proceeding by the Department of Homeland Security for your removal." (Id. 30:20-30:22.)

Under these circumstances, a duly diligent person in Petitioner's position would have discovered that he was subject to deportation well before sentencing, and certainly by the time his conviction became final in 2016. Therefore, the Petition is untimely, and it is denied on this basis.

## III.  CONCLUSION

For the aforementioned reasons, the Petition (Dkt. 1) is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
        October 5, 2017

NICHOLAS G. GARAUFIS  
United States District Judge